IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| LISA DUBBERLEY, Individually, § | |
| and DARRAN BRUCE DUBBERLEY, § | |
| Individually § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | Case No. 4:11cv25 |
| § | |
| CHASE HOME FINANCE, LLC, § | |
| GREG BERTRAND, KEITH SMILEY, § | |
| and TERRY ROSS § | |
| § | |
| Defendants. § | |

### REPORT AND RECOMMENDATION OF UNITED STATES
### <u>MAGISTRATE JUDGE</u>

Now before the Court is Defendant's Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for More Definite Statement (Dkt. 5). As set forth below, the Court finds that the motion should be GRANTED.

#### BACKGROUND

On January 3, 2011, Plaintiffs Lisa and Darran Bruce Dubberley filed their Original Petition and Application for Temporary Restraining Order in the Denton County Probate Court. Plaintiffs' petition asserted claims under the Texas Deceptive Trade Practices Act and sought the issuance of a temporary restraining order. On January 17, 2011, Defendant Chase Home Finance LLC removed

1

the case to this Court under a theory of diversity jurisdiction. On January 24, 2011, Defendant filed its motion to dismiss, arguing that Plaintiffs had failed to state a claim. When Plaintiffs failed to timely file a response to the motion, the Court issued an order directing them to do so on or before March 9, 2011. On March 9, 2011, Plaintiffs filed their four-page response.

### STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

__ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

## ANALYSIS

In its motion, Defendant has argued that Plaintiffs' DTPA claim should be dismissed because Plaintiffs have not alleged facts which are actionable under the DTPA. Specifically, Defendant argues that Plaintiffs have not stated facts to show they are consumers under the DTPA.

The DTPA grants consumers a cause of action for a defendant's false, misleading, or deceptive acts or practices. TEX. BUS. & COM. CODE § 17.50(a)(1). The elements of a DTPA claim are as follows: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constitute a producing cause of the consumer's damages." *Doe v. Boys Club of Greater Dallas, Inc.,* 907 S.W.2d 472, 478 (Tex. 1995); *see also* TEX. BUS. & COM. CODE § 17.50(a)(1). To establish consumer status under the DTPA, a plaintiff must be "an individual ... who seeks or acquires by purchase or lease, any goods or services ...." TEX. BUS. & COM. CODE § 17.45(4). The DTPA defines "goods" as "tangible chattels or real property purchased or leased for use." TEX. BUS. & COM. CODE § 17.45(1). The DTPA defines "services" as "work, labor, or service purchased or leased for use, including services furnished in connection with the sale or repair of goods." TEX. BUS. & COM. CODE § 17.45(2). In Texas, money is not a "good" or a "service" under the DTPA, and a party who "seeks only money in a transaction is not a consumer"

3

under the DTPA. *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169, 174-76 (Tex. 1980); *see also Maginn v. Norwest,* 919 S.W.2d 164, 167 (Tex. App. - Austin 1996, no writ) (holding that party was not a consumer where purpose of transaction was to obtain only a mortgage loan). To state a claim under the DTPA, "the goods or services purchased or leased must form the basis of the complaint." *Sherman Simon Enters., Inc. v. Lorac Serv. Corp.,* 724 S.W.2d 13, 15 (Tex. 1987). The question of whether a party is a consumer is a question of law. *Marketic v. U .S. Bank Nat'l Ass'n.,* 436 F. Supp.2d 842, 854 (N.D. Tex. 2006).

Here, Plaintiffs' petition states: "Plaintiff Lisa Dubberly is a consumer under the Texas Deceptive Trace Practices Act because plaintiff is an individual." Dkt. 3 at ¶41. Curiously, Plaintiffs' petition is silent as to Plaintiff Darran Bruce Dubberley's consumer status altogether. Plaintiffs' petition likewise does not state what goods or services form the basis of their complaint. In reviewing their DTPA allegations, however, it appears that Plaintiffs' claims pertain to alleged misrepresentations made during the loan modification process. *See* Dkt. 3 at ¶43.

The Court agrees with Defendant that Plaintiffs' pleading fails to state a DTPA claim. Construing the pleading in a light most favorable to Plaintiffs, the loan for Plaintiffs' home forms the basis of their complaint here. Generally, loans of money or extensions of credit are not considered "goods" or "services" that can form the basis of a DTPA claim. *Gomez v. Wells Fargo Bank, N.A.*, 2010 WL 2900351, 3(N.D. Tex. 2010) (where party was attempting to only borrow money and not purchase a good or a service, it did not satisfy the requirements for consumer status under the DTPA and therefore failed to state a claim pursuant to the Texas Deceptive Trade Practices

Act); *Guardian Life Ins. Co. v. Kinder*, 663 F. Supp.2d 544, 553 (S.D. Tex. 2009); *La Sara Grain Co. v. First Nat'l Bank,* 673 S.W.2d 558, 567 (Tex. 1984); *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169, 174 (Tex. 1980); *Maginn v. Norwest Mortgage, Inc.,* 919 S.W.2d 164, 166-67 (Tex. App.-Austin 1996, no writ). However, a party who obtains a loan which is "inextricably intertwined" in the purchase or lease of a good or service may qualify as a consumer. *Knight v. Int.'l Harvester Credit Corp.,* 627 S.W.2d 382, 389 (Tex. 1982) (finding that a bank customer qualified as a consumer because he sought financing to purchase a dump truck); *Flenniken v. Longview Bank & Trust Co.,* 661 S.W.2d 705, 707 (Tex. 1983) (holding that party was a consumer when party's mortgage loan was intertwined with contractor's agreement to build a house). The determining factor is whether the purchase or lease of a good or service was "an objective of the transaction, not merely incidental to it." *Fed. Deposit Ins. Corp. v. Munn,* 804 F.2d 860, 865 (5th Cir. 1986). As such, to hold a creditor liable under the DTPA, the creditor must be connected with either "the actual sales transaction or with a deceptive act related to financing the transaction" of goods or services. *Home Sav. Ass'n v. Guerra,* 733 S.W.2d 134, 136 (Tex. 1987).

Plaintiffs' petition does not identify the goods and services at issue and does not state how they are inextricably intertwined with the financing at issue. The fact – which would be implied here at best– that Plaintiffs' loan was related in some way to their home is not enough. *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 160 (Tex. App. – Fort Worth 2007, pet. denied) (the refinance of home equity loan cannot qualify as a good or a service under the DTPA); *Marketic v. U.S. Bank Nat. Ass'n*, 436 F. Supp.2d 842, 855 (N.D. Tex. 2006) (one who obtains a home equity loan does not obtain a

"good" or a "service" to qualify as a consumer under the DTPA). Plaintiffs are required to state facts to show that they are consumers and specifically how their claims of misrepresentation are inextricably intertwined with a good or service. Their complaint has not sufficiently done so here. Plaintiffs' assertion in the response to the motion to dismiss that Plaintiff Lisa Dubberley "has status as a consumer under the DTPA because she obtained financing for the purchase of the property from defendant" is clearly not enough under governing precedent to state a DTPA claim. Therefore, the Court finds that the motion to dismiss their claims under the Texas DTPA should be GRANTED.

Because the DTPA claim fails to state a claim, Plaintiffs' claim for injunctive relief also fails. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008) (must show a substantial likelihood of success on the merits to be entitled to injunctive relief).

Defendant's motion has been pending for almost four months. Plaintiffs have had ample time to amend their pleadings to satisfy the pleading standards in this Court and to state a claim under Texas law. They chose not to do so, and they only responded to the motion to dismiss once prompted to do so by the Court. The Court denies their request to amend their complaint and recommends that Defendant's Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for More Definite Statement (Dkt. 5) be GRANTED and that all of Plaintiffs' claims against Defendant Chase Home Finance LLC be dismissed with prejudice. The claims against the other named and served defendants remain at this time.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 19th day of May, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE